UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEEVESTER LEE HATHORN,

    Petitioner,                               Case No. 1:14-cv-1134

v.                                        HON. JANET T. NEFF

S. L. BURT,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred by the one-year statute of limitations (Dkt 12 at 1). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 13). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner is incarcerated at the Muskegon Correctional Facility. Petitioner was convicted of armed robbery, assault with intent to commit murder, and breaking and entering. The trial court sentenced Petitioner as a fourth habitual offender to imprisonment of 900 months to 100 years for

the armed robbery conviction, life imprisonment for the assault with intent to commit murder conviction, and imprisonment of twenty to fifty years for the breaking and entering conviction.

Petitioner objects to the Magistrate Judge's conclusion that his habeas petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA) (Pet'r Obj., Dkt 13 at 1; R &R, Dkt 12 at 1). More specifically, Petitioner asserts that he is entitled to equitable tolling of the statute of limitations (Pet'r Obj., Dkt 13 at 4). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). In the instant case, Petitioner fails to establish either element.

Petitioner argues that "court records will show that he tried diligently to protect his constitutional rights" (Pet'r Obj., Dkt 13 at 3). However, the fact that Petitioner waited until November 1, 2012 to file his motion for relief from judgment—eight days after the one-year statute of limitations expired—undermines Petitioner's assertion that he has been diligent (R & R, Dkt 12 at 5). In addition, Petitioner did not file his habeas petition until October 29, 2014, which is more than two years after the deadline (R & R, Dkt 12 at 4). He offers no justification for this delay. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal."). Therefore, Petitioner fails to demonstrate that he has been diligently pursing his rights. *See Holland*, 560 U.S. at 649.

Next, Petitioner appears to assert that an extraordinary circumstance stood in his way of filing on time because his appellate counsel failed to inform him of important filing deadlines and "computing the tolling time is difficult enough for attorneys, and it's even harder for prisoners such as [Petitioner], who didn't finish high school" (Pet'r Obj., Dkt 13 at 3, 5). However, the circumstances alleged by Petitioner are not enough to warrant equitable tolling. First, Petitioner's reliance on incomplete or inaccurate legal advice from an attorney does not warrant equitable tolling. *Brown v. Bauman*, No. 2:10-cv-264, 2012 WL 1229397, *9 (W.D. Mich. Apr. 12, 2012); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"). Second, the fact that Petitioner was representing himself and was either unaware of or unable to calculate the applicable filing deadline does not warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (concluding that the Supreme Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

For the reasons stated above, Petitioner has failed to demonstrate that he is entitled to equitable tolling. Accordingly, the Magistrate Judge properly concluded that Petitioner's habeas petition is barred by the one-year statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 13) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: October 30, 2015            /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge